Filed 7/24/15  P. v. Phillips CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061757 |
| v. | (Super.Ct.No. RIF145538) |
| EMMANUEL PHILLIPS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Bernard Schwartz, Judge.
Affirmed.

David McNeil Morse, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

This is defendant and appellant Emmanuel Phillips' second appeal following a remand for resentencing.  In his first appeal, case No. E055866, this court reversed defendant's attempted murder convictions (counts 3, 4, & 5) and the associated

1

enhancements, and directed the trial court to "prepare amended abstracts of judgment reflecting defendant's determinate sentence is seven years, and his indeterminate sentence is 50 years to life." (*People v. Phillips* (Oct. 10, 2013, E055866) [nonpub. opn.] (*Phillips I*).) On remand, defendant was sentenced in accordance with this court's opinion. Defendant again appeals, challenging the sentence on remittitur. We find no error and affirm the judgment.

## I

## PROCEDURAL BACKGROUND[1]

A jury found defendant guilty of one count of willful, deliberate, premeditated murder (Pen. Code,[2] § 187, subd. (a); count 2), three counts of attempted willful, deliberate, premeditated murder (§§ 664, 187, subd. (a); counts 3, 4 & 5), and one count of assault with a deadly weapon (§ 245, subd. (a)(1); count 1). The jury found true that (1) during the murder and one of the attempted murders, defendant discharged a firearm causing death or great bodily injury to another person (§ 12022.53, subd. (d)); (2) during the two other attempted murders, defendant discharged a firearm (§ 12022.53, subd. (c)); and (3) during the assault, defendant inflicted great bodily injury (§ 12022.7, subd. (a)) and personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)). The trial

---

[1] The substantive facts underlying the offenses are irrelevant to the issue on appeal and are therefore not recounted here. The facts underlying the offenses are recited in this court's opinion in defendant's prior appeal, case No. E055866. (See *Phillips I*, *supra*.)

[2] All further statutory references are to the Penal Code unless otherwise indicated.

court sentenced defendant to state prison for a determinate term of 47 years, and an indeterminate term of 75 years to life, plus three consecutive life terms.

Defendant subsequently appealed, challenging the sufficiency of the evidence supporting the three attempted murder convictions, and alleging ineffective assistance of counsel. On appeal, this court reversed defendant's three attempted murder convictions (counts 3, 4, 5) and the associated enhancement allegations, and directed the trial court to "prepare amended abstracts of judgment reflecting defendant's determinate sentence is seven years, and his indeterminate sentence is 50 years to life" and to "forward the amended abstracts of judgment to the appropriate agencies." (*Phillips I*, *supra*.)

On June 27, 2014, on return of the remittitur from this court, the trial court dismissed the three attempted murder counts and the associated enhancements, and resentenced defendant as follows: a determinate term of three years on count 1 for assault with a deadly weapon (§ 245, subd. (a)(1)), plus an additional three years for the great bodily injury (§ 12022.7) enhancement and an additional term of one year for the weapon use (§ 12022, subd. (b)(1)) enhancement; and an indeterminate term of 25 years to life on count 2 for first degree murder (§ 187, subd. (a)), plus an indeterminate term of 25 years to life for the firearm use (§ 12022.53, subd. (d)) enhancement. The total determinate term was seven years, and the total indeterminate term was 50 years to life.

With regard to custody credits, because it did not have updated credit information for defendant, the trial court referred the matter to the probation department for calculation of credits. The trial court ordered the superior court clerk to prepare an

3

amended abstract of judgment and send it to the Department of Corrections and Rehabilitation.

On July 2, 2014, an amended abstract of judgment was prepared reflecting defendant's determinate sentence only, and failed to indicate any credit for time served with the notation "refer to probation department to calculate total credits for time served."

On August 18, 2014, a timely notice of appeal was filed.

On December 23, 2014, the superior court issued two new abstracts of judgment. One abstract of judgment indicated an indeterminate term of 50 years to life on count 2, but misidentified the crime of conviction as assault with a deadly weapon instead of first degree murder. The second abstract of judgment was identical to the one issued in July 2014, indicating a determinate term of seven years on count 1 with a notation that the case was referred to the probation department to calculate total credit for time served.

On February 12, 2015, appellate counsel sent letters to the trial court noting the errors in the abstracts of judgment and requested the court to correct the errors. Accordingly, on February 19, 2015, the superior court issued two new corrected abstracts of judgment. The first indicated a determinate term of seven years for count 1 and the enhancement, and also included total credits of 2,102 days (1,828 actual plus 274 conduct) for time served; the second indicated an indeterminate term of 50 years to life for count 2 and the enhancement, and correctly identified the crime of conviction as first degree murder.

## II

## DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

## III

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


RAMIREZ
P. J.


MILLER
J.

5